### *In re* APPLICATIONS FOR ADMISSION TO PRACTICE.

1. Though Act March 8, 1901, prescribing the requirements for admission to practice law, failed to make provision for those who had been engaged in the practice by virtue of a certificate of the circuit courts, such persons had a vested right, of which they could not be deprived by legislation, and are not obliged to submit to the examination required by said act.

2. Act March 8, 1901, § 2, provides that an applicant for admission to practice law must have pursued a course of study enumerated, and, in case he does not possess a diploma or certificate, he may be admitted if the court is satisfied he possesses the requisite qualifications. Section 3 provides that a person who has been admitted to the bar of another state, where he has previously resided, may be admitted without examination or proof of period of study on presenting a certificate of admission to practice law in the highest courts of the state from which he came, and on satisfactory evidence in writing or by examination that he has the requisite education, and has pursued for three years a course of law studies. *Held,* that an applicant holding a certificate of admission to practice in another state must prove that he has practiced three years, and also that he has pursued the studies enumerated in Section 2.

(Opinion filed April 27, 1901.)

. Original proceedings on applications for admission to practice law.

CORSON, J.    Since the adjournment of the legislature applications have been made to us for the admission of applicants to practice law in the courts of this state, one of whom presents a certificate issued to him by a circuit court of this state, and who has been engaged in the practice of law therein for a number of years. A second applicant presents to the court a certificate of admission by the supreme court of Minnesota, or, rather, by the board of examiners of that state, which seems to be authorized to grant certificates entitling the holder thereof to practice in the courts of that state. A third presents a certificate of admission by the supreme court of Illinois, accompanied by proof that he has practiced in the courts of that state for a period of three years, and also a certificate of good moral character. It becomes necessary, therefore, for this court to construe the provisions of the act of 1901, relating to the admission of attorneys, entitled "An act to amend chapter 21 of the Laws of South Dakota of 1893; * * * as amended by chapter 49 of the Laws of South Dakota of 1899," approved March 8, 1901. The first section of the act provides that "no person shall be permitted to practice as an attorney and counselor at law, * * * without having previously obtained a license for that purpose from the supreme court of this state." The second section provides: "Every applicant for such admission must be at least twenty-one years of age, of good moral character, and an inhabitant of this state, and must have actually and in good faith pursued a regular course of study of the law, for at least three full years. * * * Every such applicant for admission must also have an education substantially equivalent to that involved in the completion of a high school

course of study of at least three years in extent." Then follows what shall constitute evidence that he has such general education, and the act further provides that, in case the applicant does not possess the diploma or certificate therein specified, he may, under the law, be admitted if the court is satisfied that the applicant possesses the requisite general and legal education. The third section provides :" Any person becoming a resident of this state, after having been admitted to the bar of any other state of the United States, in which he has previously resided, may, in the discretion of the court, be admitted to practice in this state, without examination or proof of period of study, as hereinbefore provided, upon presenting a certificate of admission to the bar to practice law in the highest courts of the state from which said person shall come, and on proof of other qualifications required by this chapter ; and on such other proof that he has practiced law regularly for not less than three years in the state from which he comes, and having been duly admitted to practice according to the laws of such state." The section further provides what shall be required of such applicant if he shall be unable to present evidence of the fact that he has been admitted to practice by the courts of such state, or had not practiced therein for a period of three years. The legislature has failed in this act to make any provision for, or exception of, the rights of a person heretofore admitted in a circuit court of this state, and who has been engaged in the practice of law in this state under his certificate of admission by such court. We are of the opinion, however, that it could not have been the intention of the lawmaking power to require of a resident of the state, who has heretofore been engaged in the practice of the law under and by virtue of a certificate of admission by a circuit court, a submission to the examination prescribed by the act. Under the law as it existed prior to the enactment of the present

law such a person was entitled to be admitted to practice in this court upon the presentation of a certificate of admission from the circuit court and taking the required oath. It was a vested right, of which he could not be deprived by an act of the legislature, and one of which he could be deprived only upon good cause shown, and after proper judicial proceedings. 3 Am. & Eng. Enc. Law (2d Ed.) 283; Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366; Austin's Case, 5 Rawle, 191, 28 Am. Dec. 657. We are of the opinion, therefore, that a resident of this state, who has been engaged in the practice of the law herein under and by virtue of a certificate of admission duly issued by a circuit court prior to the 1st day of July, 1893 —when the act of which the present act is amendatory took effect— is still entitled to admission in this court, and to be granted a license, as specified in the act of 1893, upon the presentation of such certificate and taking the required oath. An applicant holding such certificate will therefore be admitted.

This brings us to the second class of applicants, namely, persons who have been admitted to practice in the highest courts of another state, but fail to produce evidence that they have practiced therein for a period of three years, as provided by section 3 of the act. Such an applicant comes within the last clause of section 3, which provides that the applicant shall present to the court satisfactory evidence in writing or by examination that he has the requisite education, and has pursued for three years a course of law studies covering the subjects enumerated in section 2. The applicant, therefore, holding a certificate of admission entitling him to practice in all the courts of Minnesota, must satisfy the court by proof in writing or by an examination as provided by the last clause of section 3, that he has the general education provided for by section 2, and that he has pursued the study of law for the period of

three years, as provided by the act.   An applicant who holds a certificate of admission from another state, and who produces satisfactory evidence that he has practiced in the highest courts of such state for a period of three years, must also present satisfactory evidence that he possesses the requisite general education provided for by section 2, in addition to evidence of good moral character. If such applicant is unable to present the diploma or certificate specified by section 2 as to his educational qualifications, he must be examined in the same manner as an applicant who has not been heretofore admitted in any court.   Where an examination by the court is necessary, the applicant will only be admitted after such an examination made on the first day of each term of court, except that for the present term the examination may be had on the 10th day of July, next.   It will be observed that by the provisions of section 3 an applicant who has been admitted to practice in the courts of another state, and has practiced three years therein, is not absolutely entitled to admission in the courts of this state, but that the question of his admission is left to the discretion of the court. In view of this fact, the court will require in all cases that such an applicant for admission, except such as hold certificates of admission by the circuit courts of this state, appear before the court for such examination as the court may choose to make as to the character of such applicants and their general qualifications to practice, and require them to take the oath of an attorney in open court.   It was the evident object and purpose of the legislature in enacting the late law to raise the standard of qualifications of applicants for admission to practice in the courts of this state, both as regards their general education and their knowledge of law.   And in the admission of applicants in the future it is the duty of this court to carry into effect as far as possible the object and purpose the leg-

islature had in view, and hence this court will require applicants to show a strict compliance with the provisions of the act.